[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2008
THOMAS K. KAHN
CLERK

No. 04-10745
Non-Argument Calendar

_____

Agency No. A70-571-306

RAUL MANUEL TORRES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 7, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Raul Torres, a native and citizen of Peru, through counsel, petitions this

Court for review of the Board of Immigration Appeal's ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision that he failed to qualify for asylum or withholding of removal. 8 U.S.C. §§ 1158, 1231.

On appeal, Torres argues that the IJ erred by basing his adverse credibility finding on only minor inconsistencies. In addition, he argues that the IJ erred by requiring Torres to establish country-wide persecution and the feasibility and practicality of relocating in Peru. Finally, Torres argues that the IJ erred by requiring him to show proof of his membership in a political party to support his claim of persecution based upon imputed political opinion.

We review the decision of the BIA, except to the extent that it adopts the IJ's decision. Nreka v. U.S. Attorney Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). Because the BIA in this case affirmed the IJ's decision without opinion, we review the IJ's analysis as if it were the BIA's. Id. We review legal issues de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test," Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under the substantial evidence test, we must "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1027. Under this test, we must affirm the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." Id. (citation and internal punctuation omitted). To reverse the BIA's factual finding, we not only must conclude that the record supports such a conclusion, but compels it. Id.

"The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§ 208.13(a), 208.16(b). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Atty. Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). We have held that the IJ must "determine credibility, and [we will] not substitute [our] judgment for that of the IJ with respect to credibility findings." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Thus, we will defer to the IJ's credibility finding as we would any factual finding, unless the evidence compels us to do otherwise. Id. That said, "the IJ must offer specific, cogent reasons for an adverse credibility finding." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

In addition, the IJ "must make clean determinations of credibility." Yang, 418 F.3d at 1201 (holding that the IJ's references to Yang's claim as a "ridiculous fabrication" and Yang's testimony as "extremely inconsistent" did not constitute an adverse credibility finding). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not

3

supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. However, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant. Id. "If an applicant produces evidence beyond his own testimony, it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Ruiz, 440 F.3d at 1255. "[T]he weaker the applicant's testimony, . . . the greater the need for corroborative evidence." Yang, 418 F.3d at 1201. "[I]f the [IJ] does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." Forgue, 401 F.3d at 1287. If the factfinder determines that corroborating evidence is available, we cannot reverse such finding unless compelled to do so. 8 U.S.C. § 1252(b)(4).

"An alien who arrives in or is present in the United States may apply for asylum, which the Attorney General has discretion to grant if the alien meets the INA's definition of a 'refugee.'" Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (citing INA § 208(a)(1), (b)(1), 8 U.S.C. § 1158(a)(1), (b)(1)). In pertinent part, INA § 101 defines a refugee as

4

any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). A refugee seeking asylum "carries the burden of proving [her] statutory 'refugee' status and thereby establishing asylum eligibility." Id. (citing Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001)).

"To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with credible evidence, establish (1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." Id. at 1230-31. We have held that:

To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution that is (2) on account of a protected ground.

Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (internal citation omitted). Nevertheless, an alien need not demonstrate that he would, in the future, be singled out for persecution if he can demonstrate, among other things, that

5

"there is a pattern or practice of persecution of a group of persons similarly situated" to him on the basis of a protected ground. 8 C.F.R. § 208.13(b)(2)(iii).

"To qualify for withholding of removal, [petitioner] must have established that it is more likely than not that her life or freedom would be threatened on account of a statutorily protected factor if returned to [the country of removal]." Silva, 448 F.3d at 1243 (citing INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)). "Where an applicant is unable to meet the 'well-founded fear' standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of [removal]." Id. (brackets in original) (quoting Al Najjar, 257 F.3d at 1292-93).

While the INA does not specifically define persecution, this Court has acknowledged that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda, 401 F.3d at 1231 (citation omitted) (brackets in original). "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). We have held that the accumulation of two beatings, threatening phone calls, and being kidnaped for 18 days amounted to past persecution. Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007).

Upon review of the record and the parties' briefs, we discern no reversible error. In this case, the IJ provided specific and cogent reasons for his adverse

credibility determination, which was supported by a number of inconsistencies in Torres's initial application, asylum interview, and testimony. Thus, substantial evidence supports the denial of Torres's claim for asylum. Because Torres has not met his burden of proof with respect to the asylum claim, he also has not met his burden with respect to his claim for withholding of removal under the INA. Because Torres testimony was incredible and never established past persecution, the IJ correctly never shifted the burden to the government to establish country-wide persecution or the feasibility and practicality of relocation in Peru. Finally, there is nothing in the record to substantiate Torres's claim that the IJ required Torres to show proof of his membership in a political party to sustain persecution based upon imputed political opinion. Accordingly, we deny the petition.

**PETITION DENIED.**